**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:18-cv-23049-KMM

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

101 VAPOR & SMOKE, LLC,
a Florida Limited Liability Company,
and MI-RO REALTY, INC.,
a Florida Corporation,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON PLAINITFF'S
VERIFIED SUPPLEMENTAL FEE APPLICATION**

**THIS CAUSE** came before the Court on Plaintiff, Howard Michael Caplan's ("Plaintiff"), Verified Supplemental Fee Application ("Supplemental Fee Application"). ECF No. [58]. On October 20, 2020, at the request of the undersigned, Plaintiff filed a Memorandum of Law Regarding Timeliness of Verified Supplemental Fee Application, setting forth why he believed his Supplemental Fee Application was timely pursuant to Southern District of Florida Local Rule 7.3. ECF No. [63]. On October 22, 2020, Defendants, 101 Vapor & Smoke, LLC and MI-RO Realty, Inc. (collectively, "Defendants"), filed their Response to Plaintiff's Memorandum of Law Regarding Timeliness. ECF No. [64]. Upon consideration of the motions, the pertinent portions

---

[1] The Honorable K. Michael Moore, Chief United States District Judge, referred Plaintiff's Motion to the undersigned "to take all necessary and proper action as required by law and/or issue a Report and Recommendation." ECF No. [59].

of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Supplemental Fee Application, ECF No. [58], be **DENIED**.

I.     BACKGROUND

On February 13, 2019, following the entry of the Consent Judgment, Plaintiff filed his Motion for Bill of Costs, ECF No. [24], and Motion for Attorneys' Fees and Litigation Expenses, ECF No. [26], (collectively "Initial Petitions"). The undersigned entered a Report and Recommendation, recommending that the Initial Petitions be granted in part and denied in part. ECF No. [32]. Thereafter, the parties submitted their respective objections. ECF Nos. [37], [38]. On September 16, 2019, the District Court entered an Order adopting the undersigned's Report and Recommendation, awarding Plaintiff a total of $12,180.00 in attorneys' fees and costs. ECF No. [39] at 7.

On October 10, 2019, Plaintiff obtained a Writ of Execution against Defendant 101 Vapor & Smoke, LLC regarding the District Court's Order on the Initial Petitions. ECF No. [40]. The day after the Clerk of the Court issued the Writ, counsel for Plaintiff appeared at Defendant 101 Vapor & Smoke's place of business for purposes of levying on Defendant 101 Vapor & Smoke's assets. ECF No. [43] at 3. Plaintiff's representatives demanded $15,300.00 in cash in satisfaction of the outstanding judgment or they would begin to levy on Defendant's assets. *Id.* Defendant 101 Vapor & Smoke paid the demand and on October 12, 2019, Plaintiff filed a Satisfaction of Final Judgment. ECF No. [41].

Thereafter, on October 12, 2019, Defendants filed a Motion for Evidentiary Hearing and Order to Show Cause as to Why Sanctions Should Not be Entered (the "Motion for Sanctions"). ECF Nos. [42], [43]. Therein, Defendants argued that sanctions should be imposed against Plaintiff and his counsel, including the return of the $15,300.00 paid, given the improper execution

of the District Court's Order on the Initial Petitions. ECF No. [43] at 9–10. On October 28, 2019, Plaintiff filed a Motion to Strike, arguing that Defendants' Motion for Sanctions should be stricken because it contains immaterial and scandalous allegations about Plaintiff's counsel. ECF No. [44] at 2. The parties appeared for a hearing before the undersigned on April 9, 2020, ECF No. [56], and thereafter, the Court entered an Order denying Defendants' Motion for Sanctions and Plaintiff's Motion to Strike, ECF No. [57]. Although the Court found no basis for sanctions, the Court specifically noted its displeasure with Plaintiff's tactics and the fact that Plaintiff's counsel did not resort to a more professional approach to collect payment. *Id.* at 10. To be sure, that should have ended the matter.

However, on October 6, 2020, Plaintiff filed his Supplemental Fee Application. ECF No. [58]. Plaintiff states that although he "does not always seek supplemental fees for time expended after an initial fee petition," an award of supplemental fees is warranted in this case because "Defendants chose to fight every step of the way." *Id.* at 2. As a result, Plaintiff seeks a supplemental fee award of $14,202.10 for: (1) preparing and filing the Reply in support of his Initial Petitions; (2) preparing and filing its Response to Defendants' Objections to the Report and Recommendation on the Initial Petitions; (3) preparing and filing his Response in Opposition to Defendants' Motion for Sanctions; (4) preparing and filing his Motion to Strike; (5) preparing and filing his Reply in Support of its Motion to Strike; and (6) preparing and attending the hearing on Defendants' Motion for Sanctions. *Id.* at 3.

Plaintiff argues that his Supplemental Fee Application is timely because the sixty-day requirement set forth in Local Rule 7.3 does not apply to supplemental fee applications. ECF No. [63] at 2. In response, Defendants argue that Plaintiff's Supplemental Fee Application is untimely because it was not filed within a reasonable time. ECF No. [64] at 1. Specifically, Defendants

3

note that on October 22, 2019, Plaintiff sent Defendants a draft of the Supplemental Fee Application, but when Defendants attempted to follow-up with Plaintiff, they did not hear back. *Id.* at 1–2. Instead, Plaintiff waited nearly one year to file the Supplemental Fee Application. *Id.* at 1.

## II.   ANALYSIS

The Court's decision here turns on whether Plaintiff's Supplemental Fee Application was filed in a timely manner. The Court finds that it was not.

As a general rule, fee petitions must be filed within a reasonable time, but the specific question of timeliness is left to the discretion of each district through the enactment of local rules. *See generally Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 724 (11th Cir. 1992) (citing *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers*, 817 F.2d 1533, 1536 (11th Cir. 1987)). Southern District of Florida Local Rule 7.3 provides the deadline for filing motions for attorneys' fees and costs. *See* S.D. Fla. L.R. 7.3(a). Local Rule 7.3 states that a motion for attorneys' fees and costs must be filed "within sixty (60) days of the entry of the final judgment or order giving rise to the claim." *Id.* at 7.3(a)(1). Subsection (b) provides that a draft version of the motion for fees and costs must be served on opposing counsel "at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs." *Id.* at 7.3(b). Thereafter, "[w]ithin twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees." *Id.*

The Eleventh Circuit Court of Appeals has construed Local Rule 7.3 to permit supplemental fee applications "after the entry of a post-judgment order ruling on a post-judgment motion." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1310 (11th Cir. 2001). In *Villano*, the Eleventh Circuit concluded that Rule 7.3 did not preclude the filing of a supplemental motion for

4

fees because "[p]ost-judgment litigation continued until the district court entered the order adopting the magistrate judge's [r]eport and [r]ecommendation . . . ." *Id.* It reasoned that any motion to supplement fees for "work performed during [that] stage of the litigation" was timely so long as the motion was filed following the entry of the district court's order adopting the magistrate's report and recommendation and in accordance with Rule 7.3's deadline. *Id.*

In this case, on September 6, 2019, the District Court entered its Order adopting the undersigned's Report and Recommendation and awarding a total of $12,180.00 in fees and costs. ECF No. [39] at 7. In accordance with Local Rule 7.3, any supplemental motions stemming from the Initial Petitions should have been filed within sixty (60) days of the District Court's Order. The Supplemental Fee Petition was filed on October 6, 2020, well past the sixty-day deadline. *See* ECF No. [58]. Thus, the Supplemental Fee Petition is untimely in so much as it requests fees for preparing and filing the Reply in support of the Initial Petitions and preparing and filing the Response in Opposition to Defendants' Objections to the Report and Recommendation on the Initial Petitions.

Moreover, to the extent the Supplemental Fee Petition seeks fees for defending against the Motion for Sanctions and for the associated Motion to Strike, Plaintiff is not entitled recover those fees. Those fees have no relation to the Initial Petitions but are instead related to Plaintiff's opposition to Defendants' Motion for Sanctions. Specifically, Plaintiff seeks attorneys' fees for defending against sanctions sought by Defendants given the execution of the District Court's Order on the Initial Petitions. Plaintiff has not submitted any authority, nor is the Court aware of any, in support of the proposition that Plaintiff is entitled to attorney's fees incurred in connection with defending the sanctions motion. Therefore, the Court finds that Plaintiff is not entitled to any recovery for those attorneys' fees.

**III.    RECOMMENDATION**

As set forth above, the undersigned **RECOMMENDS** that Plaintiff's Supplemental Fee Application, ECF No. [58], be **DENIED**.

**IV.    OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 21, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE